**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAROLD SINCLAIR ENGLISH, | ) | No. C 05-0678 PJH (PR) |
| Petitioner, | ) | DENIAL OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL |
| vs. | ) | |
| JOHN MARSHALL, Warden, | ) | |
| Respondent. | ) | (Doc 2) |

Petitioner, a California prisoner currently incarcerated at California Men's Colony in San Luis Obispo, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

**BACKGROUND**

Petitioner pleaded no contest in Monterey County to two counts of possession of cocaine base for sale and one count of transportation of cocaine base. He was sentenced to eleven years and four months in prison. He unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review. His state habeas petitions also were denied.

**DISCUSSION**

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application

that the applicant or person detained is not entitled thereto." Id. § 2243.

B. <u>Legal Claims</u>

As grounds for federal habeas relief, petitioner asserts that: (1) Counsel was ineffective in failing to raise several additional grounds for a motion to suppress; (2) the search of his car was "illegal;" (3) his Fourth Amendment rights were violated in that he was detained longer than necessary to effectuate the purpose of the investigative stop; and (4) the detention was no longer justified once the identities of petitioner and his passenger had been established.

Rule four of the Rules Governing Section 2254 Cases in the United States District Courts provides, in part, that "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief in the district court, the judge must enter an order summarily dismissing the petition . . . ." It plainly appears from the face of this petition that petitioner is not entitled to relief.

As to issue one, a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. <u>Haring v. Prosise</u>, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); <u>Tollett v. Henderson</u>, 411 U.S. 258, 266-67 (1973) (same); <u>Moran v. Godinez</u>, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to obtain suppression of confession). A nolo contendere plea, as here, is the same as a plea of guilty for purposes of this analysis. <u>See</u> <u>Tamayo-Reyes v. Keeney</u>, 926 F.2d 1492, 1494 n.3 (9th Cir. 1991), <u>rev'd on other grounds</u>, 504 U.S. 1 (1992); <u>see</u> <u>also</u> Cal. Penal Code § 1016 (nolo plea has same effect as guilty plea). Any ineffectiveness of petitioner's counsel in the pre-plea proceedings on the suppression motion was waived by the plea. This issue cannot be grounds for federal habeas relief.

In issue two petitioner contends that a police search of his car violated Rule 41(e) of the Federal Rules of Criminal Procedure. The federal rules, of course, do not apply to state court proceedings, so it is evident that this claim presents no basis for habeas relief.

Issues three and four are based on petitioner's Fourth Amendment right to be free of unreasonable searches and seizures. Such claims are not cognizable in federal collateral proceedings. Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976). This would also apply to issue two, to whatever extent it might be based on the Fourth Amendment as well as the cited federal rule. Therefore, issues two, three and four also provide no basis for federal habeas relief.

It thus plainly appears from the petition and exhibits that petitioner is not entitled to relief, so the case must be dismissed. See Rule 4, Rules Governing Section 2254 Cases In the United States District Courts, 28 U.S.C. foll. 2254.

**CONCLUSION**

1. In view of petitioner's account balance, leave to proceed in forma pauperis (doc 2) is DENIED. Petitioner shall pay the five dollar filing fee to the clerk of this court within thirty days of the date this order is entered.

2. For the reasons set out above, this case is DISMISSED. The clerk shall notify petitioner of this dismissal, and serve a copy of this order and the petition on the respondent and the Attorney General of California. See id. The clerk shall close the file.
 IT IS SO ORDERED.

DATED: October 6, 2005.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\ENGLISH678.DSM

3